**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5346-15T4

HSBC BANK USA, NATIONAL
ASSOCIATION AS TRUSTEE
FOR NOMURA ASSET ACCEPTANCE
CORPORATION MORTGAGE PASS
THROUGH CERTIFICATES SERIES
2005-AR3,

    Plaintiff-Respondent,

v.

MICHAEL KEANE,

    Defendant-Appellant.

_____

          Submitted September 26, 2017 — Decided  October 5, 2017

          Before Judges Fasciale and Moynihan.

          On appeal from Superior Court of New Jersey,
          Chancery Division, Monmouth County, Docket No.
          F-019668-12.

          Joseph C. Lane, attorney for appellant.

          Reed Smith, LLP, attorneys for respondent
          (Henry F. Reichner, of counsel and on the
          brief).

PER CURIAM

    Michael Keane (defendant) appeals from a March 20, 2015 order

denying his motion "to vacate judgment and reinstate defendant's

answer, affirmative defenses, and counterclaims pursuant to R[ule] 4:50-1."  The motion that led to the entry of the March 20, 2015 order was not one to vacate a default judgment, which the judge subsequently entered in 2016.  Instead, the March 20, 2015 order denied defendant's attempt to seek reconsideration of an August 9, 2013 order, which had denied reconsideration of a previous order suppressing his pleading.  We affirm.

In February 2005, defendant obtained a note from Gateway Funding Diversified Mortgage Services L.P. d/b/a Ivy Mortgage (Gateway) with a $292,000 principal balance.  As security for the loan, defendant encumbered real property in Spring Lake.  The mortgage named Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee in a nominee capacity for Gateway and its assigns.  Gateway endorsed the note in blank.

In April 2011, defendant failed to make the payment due.  In July 2011, HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass Through Certificates Series 2005-AR3 (plaintiff) sent defendant a Notice of Intention to Foreclose by certified mail.  In September 2011, MERS assigned the mortgage to plaintiff.

In September 2012, plaintiff filed a complaint for foreclosure.  On March 14, 2013, the court issued an order requiring that defendant apply for mediation within ten days, and

2                                          A-5346-15T4

that the parties exchange paper discovery by June 1, 2013, complete depositions by June 15, 2013, and complete discovery by September 1, 2013.

On June 5, 2013, plaintiff filed a motion to suppress defendant's answer, affirmative defenses, and counterclaims for failure to provide discovery. On June 13, 2013, defendant filed a motion to dismiss the complaint. On June 21, 2013, the judge granted plaintiff's motion and suppressed defendant's pleading for failure to provide discovery; and denied defendant's motion to dismiss the complaint.

In July 2013, defendant filed a motion to reinstate his answer, affirmative defenses, and counterclaims. This motion essentially sought reconsideration of the judge's June 21, 2013 order suppressing defendant's pleading. On August 9, 2013, the judge denied the reconsideration motion. On August 29, 2013, defendant filed a Chapter 13 bankruptcy, which the bankruptcy court dismissed on April 22, 2014. On November 6, 2014, the judge entered default. Defendant filed a second petition for bankruptcy, which the bankruptcy court dismissed on November 10, 2014.

On March 2, 2015, defendant filed his motion, which led to the entry of the March 20, 2015 order. At this point, plaintiff had not obtained a judgment. Instead, plaintiff had successfully suppressed defendant's pleading for failure to provide discovery.

A-5346-15T4

Defendant's March 2, 2015 motion primarily sought reconsideration of the August 9, 2013 order denying reconsideration of the June 21, 2013 order suppressing defendant's pleading. On March 20, 2015, the judge heard oral argument and denied defendant's motion, treating it as a motion to reconsider the August 9, 2013 order. On May 2, 2016, the judge entered final judgment against defendant.

On appeal, defendant argues for the first time that he is entitled to relief from the May 2, 2016 default judgment pursuant to Rule 4:50-1. Defendant contends that we should vacate the final default judgment because he demonstrated mistake, inadvertence, surprise "and/or" excusable neglect; he has shown a meritorious defense; plaintiff's proofs were insufficient to support final judgment; plaintiff lacked standing to foreclose; and the judge was biased.

Defendant's Notice of Appeal and Case Information Statement reflect, however, that defendant is appealing from the March 20, 2015 order, which the judge properly treated as a motion to reconsider. In other words, defendant did not file a Rule 4:50-1 motion before the judge following the May 2, 2016 default judgment. Nevertheless, defendant's merits brief makes Rule 4:50-1 arguments, focusing primarily on the default judgment and the soundness of the final judgment.

As to defendant's March 2015 attempt seeking reconsideration of the August 9, 2013 order denying reconsideration of the June 21, 2013 order, which suppressed defendant's answer, our court rules do not provide for such an application. Even if they did, defendant failed to seek reconsideration timely. Rule 4:49-2 required defendant to serve his motion for reconsideration twenty days after service of the August 9, 2013 order. Pursuant to Rule 1:3-4(c), the twenty-day limitation shall not be enlarged. Defendant served his reconsideration motion in March 2015, well after the deadline expired.

We find no support whatsoever in the record for, and decline to address, defendant's new arguments. Alloway v. Gen. Marine Indus., L.P., 149 N.J. 620, 643 (1997); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Nevertheless, we conclude defendant's arguments are "without sufficient merit to warrant discussion in a written opinion[.]" R. 2:11-3(e)(1)(E). We add the following remarks.

Where, as here, "the court has entered a default judgment pursuant to Rule 4:43-2, the party seeking to vacate the judgment must meet the standard of Rule 4:50-1[.]" US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). We will review the court's decision whether to vacate or set aside the judgment under Rule 4:50-1 under an abuse of discretion standard. Ibid.

"The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion[,]" namely where the "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Guillaume, supra, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Most relevant to defendant's contentions is either Rule 4:50-1(a) or (f). Under Rule 4:50-1(a), defendant must show excusable neglect and a meritorious defense. Id. at 468. Rule 4:50-1(f) is reserved for "exceptional situations" where "truly exceptional circumstances are present." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (citations omitted). Defendant has failed to satisfy either criteria, or any other section of the rule.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). "[W]e [have] held that either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315,

318 (App. Div. 2012) (citing <u>Deutsche Bank Tr. Co. Americas v.</u> <u>Mitchell</u>, 422 <u>N.J. Super.</u> 214, 216 (App. Div. 2011)).

Here, plaintiff was in possession of the note and mortgage before filing the complaint and properly had standing to bring the case. As the judge noted, defendant "does not controvert the prima facie right to foreclose with any genuine material issue of fact." Defendant refused to respond to plaintiff's discovery requests in part because he claimed plaintiff was not the "appropriate party" and thus he did not want to share confidential information. In less than a page in his brief, defendant claims he has a meritorious defense showing "significant violations of the New Jersey Home Ownership Security Act." He argues generally that the subprime loan crisis entitled him to relief from voluntarily taking a loan that he later could not pay. Although defendant may have been in financial distress, he does not present any excusable neglect, meritorious defense, or other exceptional circumstances to warrant any relief under <u>Rule</u> 4:50-1.

Assuming defendant filed the March 2015 reconsideration timely, which is not the case, the judge also appropriately denied defendant relief under the reconsideration standard. As an appellate court, we review the denial of a motion for reconsideration to determine whether the judge abused his discretionary authority. <u>Cummings v. Bahr</u>, 295 <u>N.J. Super.</u> 374,

389 (App. Div. 1996). "Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Additionally, the decision to deny a motion for reconsideration falls "within the sound discretion of the [trial court], to be exercised in the interest of justice." Ibid. (quoting D'Atria, supra, 242 N.J. Super. at 401).

The judge reviewed the circumstances of the motion for reconsideration on the record on March 20, 2015. The judge recounted that she already reconsidered the striking of defendant's answer, defenses, and counterclaims in August 2013, after the original decision in June 2013. The judge noted that she would have been willing to reinstate defendant's answer if he had provided proof that he actually complied with discovery, but he failed to provide any credible proof. The judge also noted that defendant waited a year and a half from the first reconsideration to file another motion. The judge's decision to deny the motion for reconsideration was within her discretion.

A-5346-15T4

The judge properly denied the motion, regardless of whether it was a motion for reconsideration or a motion to vacate judgment.

Finally, defendant's argument that the judge was biased is without merit. Rule 1:12-1(g) states that a judge should be disqualified on the court's own motion "when there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so." Our Supreme Court has stated that the applicable standard in determining whether disqualification is necessary is: "Would a reasonable, fully[-]informed person have doubts about the judge's impartiality?" DeNike v. Cupo, 196 N.J. 502, 517 (2008).

"[A] judge need not 'withdraw from a case upon a mere suggestion that he is disqualified unless the alleged cause of recusal is known by him to exist or is shown to be true in fact.'" Chandok v. Chandok, 406 N.J. Super. 595, 603 (App. Div.) (quoting Panitch v. Panitch, 339 N.J. Super. 63, 66 (App. Div. 2001)), certif. denied, 200 N.J. 207 (2009). Moreover, "the mere appearance of bias may require disqualification[,] . . . [h]owever, before the court may be disqualified on the ground of an appearance of bias, the belief that the proceedings were unfair must be objectively reasonable." State v. Marshall, 148 N.J. 89, 279 (citations omitted), cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997).

A reasonable, fully-informed person would not have doubts about the judge's impartiality. Defendant argues the judge was friendlier with plaintiff's counsel and claims that the judge made a comment about defendant putting his arm around his wife during proceedings, without any cite to the record. There is no appearance of bias. The judge even stated that she would have reinstated defendant's answer had he provided her with credible proof he complied with discovery, but he did not provide any such proof.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5346-15T4